CENTRAL NATIONAL BANK OF CLEVELAND, Plaintiff-Appellee, v. HINDS et, Defendant-Appellee, AMERICAN EXPRESS COMPANY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24917. Decided December 11, 1959.

*Mr. Richard I. Kuhn*, for plaintiff-appellee.

*Mr. Philip Kasdan*, for defendant-appellee, The Paramount Finance Company.

*Mr. William Robert Chapman*, for defendant-appellant, The American Express Company.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff and certain answering defendants as shown by the journal of the court.

The action was commenced as one in replevin. The Central National Bank of Cleveland was the owner of a chattel mortgage on a Cadillac automobile of one Joe Hinds, the mortgagor. The mortgagor defaulted, whereupon the bank took possession of the Cadillac automobile on December 24, 1958, and placed it in storage preparatory to sale to satisfy its mortgage debt. Upon carrying out proceedings, as provided by statute, the defendant, The American Express Company, obtained a judgment against Joe Hinds in the Common Pleas Court of Cuyahoga County. On January 5, 1959, the Express Company instituted an aid of execution proceeding in that court (notice of which was served on the bank on that day) seeking to subject to the payment of its judgment any remainder of the proceeds from the sale of said automobile after payment of the amount necessary to satisfy the claim of the bank whose lien is admitted by all parties to be the first and best lien thereon. While the proceeding to sell the mortgaged property and the aid proceedings were pending, the defendant, The Paramount Finance Company, seized the automobile upon an execution and the bailiff of the Municipal Court took possession thereof on the ninth day of January 1959, holding such automobile in the protective custody of the court. Thereupon this action in replevin was brought by the bank on January 25, 1959, whereby possession of the automobile was retaken, upon the giving of bond by the bank on February 26, 1959. Upon trial, on March 16, 1959, the right of property and possession was found to be in the plaintiff.

The defendants named in the amended petition and affidavit filed January 28, 1959, were The American Express Company, The Paramount Finance Company, Frank T. Kelly,

Bailiff of the Municipal Court of Cleveland, and Joseph M. Sweeney, Sheriff.

The Paramount Finance Company filed an answer denying the bank's ownership and right to possession of the automobile, alleging a judgment held by it in the sum of $298.68 against Joe Hinds, and the levy of execution on the automobile, and prayed that its interest in the proceeds to be derived from the sale be protected.

The American Express Company appeared by counsel upon trial but did not file its answer until March 21, 1959. By its answer, the allegations of which conform to the proof introduced in the trial over the objection of The Paramount Finance Company, the Express Company alleged that on January 5, 1959, while the automobile was in the possession of the bank, having been repossessed upon default of its mortgage, this defendant caused to be issued an order in aid of execution seeking to subject any amount remaining from the proceeds of the sale of the automobile, after satisfying the first lien of the bank, to the payment of its judgment in an amount not to exceed $506.00. This defendant introduced into evidence certified copies of its aid proceeding in the Court of Common Pleas of Cuyahoga County, showing service on the bank on January 5, 1959, and the final order of the court entered January 15, 1959.

After the court, upon trial, found the right of property and the possession of the automobile in the plaintiff and assessed damages at $.05, entering judgment in that amount, and for costs, for the wrongful detention of the property by the defendant, without designating which defendant was subject to the judgment, a journal entry was signed and journalized on March 18, 1959, which provided, in substance, that the lien of the bank, by reason of its chattel mortgage (which the court finds is valid) is the best lien on the Cadillac replevined by it "and being held by Richard A. Flannigan, Special Appointee of the Cleveland Municipal Court, and in the custody of Fred Dietrich."

"It is therefore ordered, adjudged and decreed that the Bailiff sell, at the earliest possible date, said Cadillac automobile which is located at Dietrich's Garage, according to law and distribute the proceeds: 1) Payment of costs; 2) Reimbursement to the Plaintiff, Central National Bank of Cleveland, for the amount owing it, namely, Seven Hundred Eighty Four and

15/00 Dollars ($784.15), plus interest and storage costs and court costs incurred in repossession, replevining and selling said automobile, and 3) Balance, if any, into Court subject to further order.''

Thereafter, the Central National Bank conducted a sale of the property, retained the amount due it, and the amount of its costs, and now holds some amount said in argument to amount to about two hundred and forty dollars, but no evidence is found in the record as to what sum now remains.

This action is one in replevin. The only issue to be decided is the right of possession of the property subject to the action, in this case a 1955 Cadillac automobile. The court found the plaintiff, the Central National Bank of Cleveland, had the right of possession. At the time this entry was made, the plaintiff was in possession and by the finding of the court, was entitled to continue to have possession. In making this finding and entering judgment thereon, the trial court exhausted its jurisdiction in the case. Whatever rights either The Paramount Finance Company or The American Express Company might have in the property cannot be established without a proper action being filed wherein such issues of fact are presented by the pleadings. Their claims are completely outside the jurisdiction of the Municipal Court in this action, so that the order of the court directing the plaintiff to sell the automobile, repay the debt due the plaintiff from the defendant Hinds and to pay the balance into court was null and void for want of jurisdiction. Whatever rights the defendant, The American Express Company, has acquired in the automobile or the proceeds from its sale are within the jurisdiction of the Court of Common Pleas and not subject to an order by the Municipal Court in this action.

For the foregoing reasons, that part of the judgment finding the right of property in the plaintiff is affirmed, and all other orders are reversed and held for naught, and final judgment entered against the defendants making such claims for want of jurisdiction, and costs awarded against defendant, The Paramount Finance Company.

HURD, P. J., and KOVACHY, J., concur.